**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Kate A. Rochat
Assistant U.S. Attorney
Kate.Rochat@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

FILED 11 JUN '26 16:42 USDC-ORP

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 5, 2026

Ellie Riegel
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

Re: *United States v. Patrick Allan Yeager Snell*, Case No 3:24-cr-00450-AN
First Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to the Indictment, which charges the crime of Aiming a Laser Pointer at an Aircraft, in violation of Title 18, United States Code, Section 39A.

3. **Penalties**: The maximum sentence in this case is five (5) years of imprisonment, a fine of $250,000, three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment on the day of sentencing or explain to the Court why this cannot be done.

4. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly aimed the beam of a laser pointer at an aircraft or at the flight path of an aircraft; and

Second, the aircraft was in the special aircraft jurisdiction of the United States.

---

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant also agrees that the following facts are true and could be proven beyond a reasonable doubt:

> On July 1, 2024, the defendant knowingly aimed the beam of a blue laser pointer at an HH-60M Blackhawk. At the time that the defendant aimed the beam of the laser pointer at the aircraft, it belonged to the Oregon State Army National Guard and was in flight while conducting a training mission in the special aircraft jurisdiction of the United States.

6. **<u>Sentencing Factors</u>**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived. Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **<u>Relevant Conduct</u>**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A5.2 is a Base Offense Level of 9, prior to adjustments.

8. **<u>Acceptance of Responsibility</u>**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9. **<u>Advisory Guideline Calculations</u>**: The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1:

| | |
|---|---|
| U.S.S.G. § 2A5.2 Base Offense Level | 9 |
| U.S.S.G. § 3E1.1 Acceptance of Responsibility | -2 |
| Total Offense Level: | =7 |

10. **<u>Sentencing Recommendation</u>**: If Defendant agrees to resolve his case and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), time-served, 6 months of supervised release, and a $100 special assessment.

---

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek any downward departures, adjustments, or variances from the sentencing guideline range.

12. **Waiver of Challenge to Removal**: In exchange for the benefits of this plea agreement, defendant expressly waives in this case or any other criminal proceeding any right to challenge the order underlying the removal, deportation, or exclusion charged in the Indictment.

13. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by February 16, 2026, at 5:00 p.m.

Sincerely,

WILLIAM M. NARUS
Acting United States Attorney

***/s/ Kate A. Rochat***
KATE A. ROCHAT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/11/2026
Date

Patrick Allan Yeager Snell
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/11/26
Date

Ellie Riegel
Attorney for Defendant