Ellie Riegel, OSB #221879
Assistant Federal Public Defender
Email: Ellie_Riegel@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PATRICK ALLAN YEAGER SNELL,<br>Defendant. | Case No. 3:24-cr-00450-AN-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, Patrick Allan Yeager Snell, through his counsel Ellie Riegel, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a).

On June 11, 2026, Mr. Snell pleaded guilty to the Indictment, which charges the crime of Aiming a Laser Pointer at an Aircraft, in violation of Title 18, United States Code, Section 39A. A sentencing hearing is currently scheduled for August 27, 2026. Mr. Snell joins the Government and Probation in recommending a sentence of time-served. However, in light of his success on pretrial release, Mr. Snell respectfully requests that this Court impose no term of supervised release.

**APPLICABLE LAW**

As the Supreme Court notes, there are four identified purposes to sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. 3553(a)(2)(A)-(D). Meanwhile, all four sentencing purposes must be considered in light of the "parsimony principle, a broad command that instructs courts to 'impose a sentence that is sufficient, but not greater than necessary, to comply with' the four identified purposes of sentencing[.]" *Id.* (citing 18 U.S.C. § 3553(a)).

In arriving at a sentence that is sufficient but not greater than necessary, 18 U.S.C. § 3553(a) requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Similarly, in determining whether a term of supervised release should be imposed, courts are instructed to consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1));
- the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(B)–(D));

- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (18 U.S.C. § 3553(a)(4));
- any pertinent policy statement issued by the Sentencing Commission (18 U.S.C. § 3553(a)(5));
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and
- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

*See* 18 U.S.C. § 3583(c); U.S.S.G. § 5D1.1 (application note 1).

The United States Sentencing Guidelines recommend that courts conduct an "individualized assessment" to determine whether a term of supervised release is required. U.S.S.G. § 5D1.1 (b), application note 1. "The statutory framework of supervised release aims to 'assure that [those] who will need post-release supervision will receive it' while 'prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.'" *Id.* (citing S. Rep. No. 225, 98th Cong., 1st Sess. 54 (1983)). Should the Court order a term of supervision, any conditions of supervised release must be "reasonably related" to supervision's goals and must involve "no greater deprivation of liberty than is reasonably necessary" to serve those goals. 18 U.S.C. § 3583(d)(1)-(2) (2018).

Here, there is no dispute about the guidelines nor the facts of this case, and the parties jointly recommend that Mr. Snell be sentenced to time-served. However, for reasons expressed

in other sentencing materials, Mr. Snell respectfully asks this Court not to impose a term of supervised release.

Dated: August 20, 2026.

*s/ Ellie Riegel*
Ellie Riegel, OSB #221879